# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION



FILED

MAR 1 8 2011

CLERK, US DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| **GENERAL ELECTRIC CAPITAL CORPORATION**, a Delaware corporation, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| **SANDLER MANAGEMENT GROUP L.L.C., f/k/a MARKET AIR L.L.C.,** a Delaware limited liability company, | ) ) ) ) |
| Serve: The Delaware Corporation Agency, Inc. Registered Agent 222 Delaware Ave., 9th Floor P.O. Box 25130 Wilmington, DE 19801 | ) ) ) ) ) ) |
| **L.M. SANDLER & SONS, INC.,** a Virginia corporation, | ) ) ) |
| Serve: Raymond L. Gottlieb Registered Agent 448 Viking Drive, Suite 220 Virginia Beach, VA 23452 | ) ) ) ) |
| **ARTHUR B. SANDLER,** an individual, | ) ) ) |
| Serve at: 5000 Ocean Front Avenue Virginia Beach, VA 23451 | ) ) ) |
| and, | ) ) ) |
| **STEVEN B. SANDLER,** an individual, | ) ) ) |
| Serve at: 1357 Harris Road Virginia Beach, VA 23452 | ) ) ) |
| Defendants. | ) ) |

Civil Action No. 2:11cv175

## COMPLAINT

Plaintiff, General Electric Capital Corporation ("GECC"), by and through its undersigned counsel, for its Complaint against Defendants, Sandler Management Group L.L.C. f/k/a Market Air L.L.C. (the "Borrower"), L.M. Sandler & Sons, Inc. ("Sandler & Sons"), Arthur B. Sandler ("A. Sandler"), and Steven B. Sandler ("S. Sandler," referred to collectively with Sandler & Sons and A. Sandler as the "Guarantors") (the Borrower and the Guarantors may be referred to collectively as the "Defendants"), states as follows:

## PARTIES AND NATURE OF THE ACTION

1.    GECC is a Delaware corporation authorized to do business in the state of Virginia, with its principal place of business in the state of Connecticut. GECC is a citizen of the states of Delaware and Connecticut.

2.    Borrower is a Delaware limited liability company with its principal place of business located at 448 Viking Drive, Suite 220, Virginia Beach, Virginia, 23452. Upon information and belief, A. Sandler and S. Sandler are the only members of Borrower. Upon information and belief, A. Sandler and S. Sandler are each citizens of Virginia. Upon information and belief, no member of Borrower is a citizen of either Delaware or Connecticut. Accordingly, Borrower is a citizen of Virginia.

3.    Sandler & Sons is a Virginia corporation with its principal place of business located at 448 Viking Drive, Suite 220, Virginia Beach, Virginia, 23452.

4.    Upon information and belief, A. Sandler is an individual residing at 5000 Ocean Front Avenue, Virginia Beach, Virginia, 23451. A. Sandler is a citizen of Virginia.

5.    Upon information and belief, S. Sandler is an individual residing at 1357 Harris Road, Virginia Beach, Virginia, 23452. S. Sandler is a citizen of Virginia.

2

## JURISDICTION AND VENUE

6. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different States and the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. Pursuant to 28 U.S.C. § 1391(a), venue is proper in this Court because: (a) a substantial part of the events or omissions giving rise to GECC's claim occurred in this judicial district; and/or (b) one or more Defendants is subject to personal jurisdiction in this judicial district.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

### The Loan Documentation

8. On October 9, 2001, the Borrower executed a Promissory Note in favor of GECC in the original amount of $3,230,000.00 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit 1** and incorporated herein by reference.

9. Pursuant to the Note, the Borrower was required to make forty (40) consecutive quarterly installment payments beginning on January 1, 2002.

10. In connection with the Note, Sandler & Sons executed a Corporate Guaranty in favor of GECC (the "Corporate Guaranty"). A true and correct copy of the Corporate Guaranty is attached hereto as **Exhibit 2** and incorporated herein by reference.

11. Under the terms of the Corporate Guaranty, Sandler & Sons absolutely and unconditionally guaranteed to GECC the full and prompt payment and performance when due of each and every debt, liability and obligation of every type and description that Borrower may owe to GECC now or in the future. Sandler & Sons further guaranteed to

3

pay, upon demand, all losses, costs, attorneys' fees and expenses suffered by GECC upon a default by Borrower or Sandler & Sons. *See* Exhibit 2.

12. In connection with the Note, on or about September 26, 2001, A. Sandler executed an Individual Guaranty in favor of GECC (the "A. Sandler Guaranty"). A true and correct copy of the A. Sandler Guaranty is attached hereto as **Exhibit 3** and incorporated herein by reference.

13. Under the terms of the A. Sandler Guaranty, A. Sandler absolutely and unconditionally guaranteed to GECC the full and prompt payment and performance when due of each and every debt, liability and obligation of every type and description that Borrower may owe to GECC now or in the future. A. Sandler further guaranteed to pay, upon demand, all losses, costs, attorneys' fees and expenses suffered by GECC upon a default by Borrower or A. Sandler. *See* Exhibit 3.

14. In connection with the Note, on or about September 26, 2001, S. Sandler executed an Individual Guaranty in favor of GECC (the "S. Sandler Guaranty," referred to collectively with the Corporate Guaranty and A. Sandler Guaranty as the "Guaranties"). A true and correct copy of the S. Sandler Guaranty is attached hereto as **Exhibit 4** and incorporated herein by reference.

15. Under the terms of the S. Sandler Guaranty, S. Sandler absolutely and unconditionally guarantied to GECC the full and prompt payment and performance when due of each and every debt, liability and obligation of every type and description that Borrower may owe to GECC now or in the future. S. Sandler further guaranteed to pay, upon demand, all losses, costs, attorneys' fees and expenses suffered by GECC upon a default by Borrower or S. Sandler. *See* Exhibit 4.

4

16.    In connection with the Note, the Borrower executed an Aircraft Security Agreement on or about September 26, 2001 (the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit 5** and incorporated herein by reference.

17.    Under the terms of the Security Agreement, Borrower granted GECC a first priority security interest in a Gates Learjet with FAA Registration Number N355CA (Serial No.: 35A-597), the engines and all avionics, including without limitation Garrett Engine Model TFE731-2-2B (Serial Nos.: P-89464 and P-89463); all instruments, auxiliary power units, equipment, accessories, logs, manuals, and maintenance records; all additions, accessions and substitutions, now or hereafter owned, all unearned insurance premiums and insurance proceeds relating to such property, and the proceeds of all of the foregoing (all collectively referred to as the "Aircraft"). *See* Exhibit 5.

18.    Section 8 of the Security Agreement provides that, among other things, the following events constitute an event of default: (a) Borrower fails to pay any installment of principal or interest on the Note or any other sum when due and fails to pay within ten (10) days; (b) Borrower fails to maintain insurance coverage; (c) Borrower attempts, without the written consent of GECC to sell, rent, lease, mortgage, grant a security interest in or otherwise deliver possession of, transfer or encumber the Aircraft or Borrower's improper filing of an amendment or termination statement relating to a filed financing statement describing the Aircraft; and/or (d) Borrower defaults under any other obligations and fails to cure the breach within 30 days after written notice. Ex. 5 at § 8.

19.    Section 9 of the Security Agreement provides that, upon an Event of Default, GECC may: (a) declare any and all of the obligations to be immediately due and

payable, without demand or notice to Borrower or the Guarantors; (b) take immediate and exclusive possession of the Aircraft; (c) enter any premises where the Aircraft is located and, without notice to Borrower, take immediate possession of the Aircraft; and/or (d) sell, lease or otherwise dispose of the Aircraft by public or private sale, with or without notice to Borrower. Ex. 5 at § 9.

20.     The Note financed the Borrower's purchase of the Aircraft.

### Defaults Under The Loan

21.     GECC has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Note, the Guaranties, and the Security Agreement (collectively, the "Agreements").

22.     Borrower has defaulted on its obligations pursuant to the express terms of the Note and Security Agreement by failing to tender to GECC the required payments due under the Note as they became due and payable.

23.     The Guarantors failed to satisfy Borrower's payment obligations to GECC, thereby defaulting under the Guaranties.

24.     GECC sent a letter to Defendants on October 27, 2009, declaring a default for failure to pay the October 1, 2009 installment payment, a breach under the Agreements, and demanding immediate payment of the same. A true and accurate copy of the October 27, 2009 letter to Defendants is attached hereto as **Exhibit 6** and incorporated herein by reference.

25.     Despite GECC's demand, the Defendants failed and refused to pay to GECC in full the entire outstanding balance owed under the Agreements.

26. On November 10, 2009, GECC and Borrower, A. Sandler and S. Sandler entered into a letter agreement (the "Deficiency Agreement," together with the Note, Guaranties and Security Agreement, the "Debt Documents") providing that the Aircraft would be sold by the Borrower with all proceeds (less a $50,000 broker fee) paid to GECC. A true and accurate copy of the Deficiency Agreement is attached hereto as **Exhibit 7** and incorporated herein by reference.

27. The Deficiency Agreement establishes that the deficiency after the sale of the Aircraft on the Promissory Note is $958,262.55 (plus interest accruing at 18%).

28. Borrower, A. Sandler and S. Sandler, by signing the Deficiency Agreement, acknowledged and agreed that Borrower defaulted under the Security Agreement and the Promissory Note and that the deficiency on the Promissory Note is due and owing unconditionally without defenses.

29. Despite the Deficiency Agreement, the Defendants have failed and refused to pay to GECC in full the entire outstanding balance owed under the Debt Documents.

30. On December 29, 2009, GECC sent a letter to Defendants reminding Defendants of their default for failure to pay the deficiency on the Promissory Note and demanding payment in accordance with the terms of the Deficiency Agreement. A true and accurate copy of the December 29, 2009 letter to Defendants is attached hereto as **Exhibit 8** and incorporated herein by reference.

31. Despite such demands, the Defendants failed and refused to pay to GECC in full the entire outstanding balance owed under the Debt Documents.

32. The balance due and owing GECC under the Debt Documents is an amount not less than $958,262.55, plus interest and fees accruing thereon.

7

33.    Pursuant to the Agreements, GECC is entitled to its costs and attorneys' fees in collecting the amounts owed to GECC under the Agreements.

34.    GECC has incurred attorneys' fees and expenses related to its collection efforts, including, but not limited to, continuing fees and costs incurred by prosecution of this legal action. These costs and fees will continue to accrue until the amounts due and owing GECC have been paid in full.

## COUNT I – BREACH OF CONTRACT
## SANDLER MANAGEMENT GROUP L.L.C., f/k/a Market Air L.L.C.

For Count I of its Complaint against Borrower, GECC states:

35.    GECC incorporates by reference and realleges, as if the same were fully set forth herein, each of its allegations contained in paragraphs 1 through 34 of this Complaint.

36.    The Debt Documents are valid and binding contracts and enforceable against Borrower in accordance with their terms.

37.    Borrower failed to make required payments to GECC, all in breach of the Debt Documents.

38.    Because of the aforementioned actions and inactions, Borrower has failed to perform the obligations to which it agreed and is therefore in breach of the Debt Documents.

39.    Borrower, by signing the Deficiency Agreement, acknowledged and agreed that Borrower is in default under the Security Agreement and the Promissory Note and that the deficiency on the Promissory Note is due and owing unconditionally without defenses.

40.    GECC has made demand upon Borrower for payment of the balances owed under the Debt Documents, but Borrower has failed to pay the balances.

8

41. All conditions precedent to Borrower's performance in making payment under the Debt Documents have been satisfied by GECC.

42. Borrower continues to be in breach of the Debt Documents.

43. As a result of Borrower's breaches, GECC has sustained damage in an amount not less than $958,262.55, plus accruing interest and late charges.

44. Additionally, Borrower owes GECC costs of collection and attorneys' fees, with damages continuing to accrue.

**WHEREFORE** General Electric Capital Corporation respectfully requests that this Court enter judgment in its favor and against Sandler Management Group, L.L.C. f/k/a Market Air L.L.C. granting the following relief:

a. damages in the principal amount of $958,262.55, plus late fees;

b. accruing interest at a rate of 18% per annum;

c. expenses, attorneys' fees, and other costs of collection; and

d. such other and further relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
## L.M. SANDLER & SONS, INC.

For Count II of its Complaint against Sandler & Sons, GECC states:

45. GECC incorporates by reference and realleges, as if the same were fully set forth herein, each of its allegations contained in paragraphs 1 through 44 of this Complaint.

46. The Corporate Guaranty is valid, binding, and enforceable against Sandler & Sons in accordance with its terms.

47. GECC relied on the Corporate Guaranty when providing financing to Borrower in accordance with the Note.

9

48.     The Corporate Guaranty requires Sandler & Sons to pay any obligations owed by Borrower to GECC if Borrower should fail to promptly pay such obligations.

49.     Despite GECC's demand, Sandler & Sons has breached the Corporate Guaranty by failing to pay the amounts due GECC by Borrower.

50.     As a result of Borrower's breaches, GECC has sustained damage in an amount not less than $958,262.55, plus interest and late fees which continue to accrue.

51.     GECC has incurred and continues to incur costs of collection, including without limitation, attorneys' fees in attempting to enforce the obligations of Borrower under the Debt Documents and in attempting to enforce the obligations of Sandler & Sons under the Corporate Guaranty.

52.     Under the terms of the Corporate Guaranty, Sandler & Sons is individually liable for all such fees incurred.

53.     Sandler & Sons has refused to pay, and continues to refuse to pay, the amounts owed by Borrower to GECC despite demands from GECC to Sandler & Sons to pay such sums.

54.     Sandler & Sons is in breach of its obligations under the Corporate Guaranty for failing to make payments required thereunder when requested by GECC.

55.     GECC has performed all of its obligations under the Debt Documents.

56.     As a result of Sandler & Son's breach, GECC has sustained damage in an amount not less than $958,262.55, plus interest, costs of collection, and attorneys' fees, with damages continuing to accrue.

10

**WHEREFORE** General Electric Capital Corporation respectfully requests that this Court enter judgment in its favor and against L.M. Sandler & Sons, Inc. granting the following relief:

a.      damages in the principal amount of 958,262.55, plus late fees;

b.      accruing interest at a rate of 18% per annum;

c.      expenses, attorneys' fees, and other costs of collection; and

d.      such other and further relief as this Court deems just and proper.

## COUNT III – BREACH OF CONTRACT
## ARTHUR B. SANDLER

For Count III of its Complaint against A. Sandler, GECC states:

57.     GECC incorporates by reference and realleges, as if the same were fully set forth herein, each of its allegations contained in paragraphs 1 through 56 of this Complaint.

58.     The A. Sandler Guaranty is valid, binding, and enforceable against A. Sandler in accordance with its terms.

59.     GECC relied on the A. Sandler Guaranty when providing financing to Borrower in accordance with the Note.

60.     The A. Sandler Guaranty requires A. Sandler to pay any obligations owed by Borrower to GECC if Borrower should fail to promptly pay such obligations.

61.     A. Sandler, by signing the Deficiency Agreement, acknowledged and agreed that Borrower is in default under the Security Agreement and the Promissory Note and that the deficiency on the Promissory Note is due and owing unconditionally without defenses.

62.     Despite GECC's demand, A. Sandler has breached the A. Sandler Guaranty by failing to pay the amounts due GECC by Borrower.

11

63. As a result of Borrower's breaches, GECC has sustained damage in an amount not less than $958,262.55 plus interest and late fees which continue to accrue.

64. GECC has incurred and continues to incur costs of collection, including without limitation, attorneys' fees in attempting to enforce the obligations of Borrower and A. Sandler under the Debt Documents.

65. Under the terms of the Debt Documents, including but not limited to, the A. Sandler Guaranty, A. Sandler is individually liable for all such fees incurred.

66. A. Sandler has refused to pay, and continues to refuse to pay, the amounts owed by Borrower to GECC despite demands from GECC to A. Sandler to pay such sums.

67. A. Sandler is in breach of its obligations under the Debt Documents for failing to make payments required thereunder when requested by GECC.

68. GECC has performed all of its obligations under the Agreements.

69. As a result of A. Sandler's breach, GECC has sustained damage in an amount not less than $958,262.55, plus interest, costs of collection, and attorneys' fees, with damages continuing to accrue.

**WHEREFORE** General Electric Capital Corporation respectfully requests that this Court enter judgment in its favor and against Arthur B. Sandler granting the following relief:

a. damages in the principal amount of $958,262.55, plus late fees;

b. accruing interest at a rate of 18% per annum;

c. expenses, attorneys' fees, and other costs of collection; and

d. such other and further relief as this Court deems just and proper.

12

## COUNT IV – BREACH OF CONTRACT
## STEVEN B. SANDLER

For Count IV of its Complaint against S. Sandler, GECC states:

70.     GECC incorporates by reference and realleges, as if the same were fully set forth herein, each of its allegations contained in paragraphs 1 through 69 of this Complaint.

71.     The S. Sandler Guaranty is valid, binding, and enforceable against S. Sandler in accordance with its terms.

72.     GECC relied on the S. Sandler Guaranty when providing financing to Borrower in accordance with the Note.

73.     The S. Sandler Guaranty requires S. Sandler to pay any obligations owed by Borrower to GECC if Borrower should fail to promptly pay such obligations.

74.     S. Sandler, by signing the Deficiency Agreement, acknowledged and agreed that Borrower is in default under the Security Agreement and the Promissory Note and that the deficiency on the Promissory Note is due and owing unconditionally without defenses.

75.     Despite GECC's demand, S. Sandler has breached the S. Sandler Guaranty by failing to pay the amounts due GECC by Borrower.

76.     As a result of Borrower's breaches, GECC has sustained damage in an amount not less than $958,262.55 plus interest and late fees which continue to accrue.

77.     GECC has incurred and continues to incur costs of collection, including without limitation, attorneys' fees in attempting to enforce the obligations of Borrower and S. Sandler under the Debt Documents.

78.     Under the terms of the Debt Documents, including but not limited to, the S. Sandler Guaranty, S. Sandler is individually liable for all such fees incurred.

13

79.     S. Sandler has refused to pay, and continues to refuse to pay, the amounts owed by Borrower to GECC despite demands from GECC to S. Sandler to pay such sums.

80.     S. Sandler is in breach of its obligations under the Debt Documents for failing to make payments required thereunder when requested by GECC.

81.     GECC has performed all of its obligations under the Agreements.

82.     As a result of S. Sandler's breach, GECC has sustained damage in an amount not less than $958,262.55, plus interest, costs of collection, and attorneys' fees, with damages continuing to accrue.

**WHEREFORE** General Electric Capital Corporation respectfully requests that this Court enter judgment in its favor and against Steven B. Sandler granting the following relief:

a.     damages in the principal amount of $958,262.55, plus late fees;

b.     accruing interest at a rate of 18% per annum;

c.     expenses, attorneys' fees, and other costs of collection; and

d.     such other and further relief as this Court deems just and proper.

**GENERAL ELECTRIC CAPITAL CORPORATION**

By:_____

Marc E. Darnell, Esq.
Virginia State Bar Number 74062
Attorney for General Electric Capital
            Corporation
KAUFMAN & CANOLES, P.C.
11817 Canon Boulevard, Suite 408
Newport News, Virginia 23606
Telephone:     (757) 873-6300
Facsimile:     (757) 873-6359
Email: medarnell@kaufcan.com

14

W. Edgar Spivey, Esq.
Virginia State Bar Number 29125
Attorney for General Electric Capital
       Corporation
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, Virginia 23510
Telephone:   (757) 624-3000
Facsimile:    (757) 624-3169
Email: wespivey@kaufcan.com

DOCSNN-#9238092-v1

15